No. 48,559

State of Kansas, *Appellee,* v. Anna R. Bennett, *Appellant.*

(564 P.2d 540)

Opinion filed May 14, 1977.

*Hugh R. McCullough,* of Topeka, argued the cause and was on the brief for the appellant.

*Thomas D. Haney, Jr.,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Miller, J.: A jury convicted Anna R. Bennett of felony theft and she appeals, raising but one claim of error. She contends that the court on its own motion disqualified a juror, who had been impaneled and sworn, on the grounds that the juror was possibly biased against the state and in favor of the defense, thus depriving her of due process and a fair trial.

During the morning of June 6, 1976, a jury was impaneled to try this case, and court then recessed during the noon hour. Upon returning, one of the jurors, counsel, and the defendant held a bench conference out of the hearing of the other jurors. This juror, Mr. Chilton, disclosed that during the noon recess he discovered that he knew defendant's husband and at least two of her children. Her husband was a friend of his father, the children were friends of his brothers. Though Chilton did not know the defendant, their families were friends.

Questioning by counsel disclosed that Chilton didn't know if he could be fair to both sides; he would try; but if anything he would be inclined toward a finding of not guilty. He knew the defendant was presumed to be innocent, and said, ". . . [I]t is going to be even more so now."

The defendant then said, "Maybe we better get somebody else, you know, he doesn't feel right about it."

Further questioning disclosed that though Mr. Chilton would try to be fair to the state, he was not sure that he could be. The judge then asked:

". . . Do you want to recess so we can call a juror?"

and the assistant district attorney responded:

"In light of some of the responses . . . I would, Your Honor. . . . I would ask the juror to be excluded for cause."

Defense counsel then moved for a mistrial, and that they impanel another jury. The court then stated:

"That is what it is. It is a mistrial. And the only way we could avoid that would be by an agreement."

Defense counsel asked for a recess in order that he might confer with his client. The court then excused Mr. Chilton, and declared a recess. After the recess, the judge informed the eleven jurors that by stipulation and agreement of court and counsel, the twelfth juror was to be selected by allowing each side all necessary challenges for cause plus two peremptory challenges. Both attorneys and the defendant, in open court, expressed agreement to this procedure. Five new prospective jurors were called, sworn and examined, and a twelfth juror was thus selected.

False statements of a juror on *voir dire* which prevent a fair trial are cause for declaring a mistrial. K.S.A. 22-3423 (1) (*e*). Here Chilton discovered that his original answers on *voir dire*, that he did not know defendant or members of her family, were false, and he hastened to inform the court and counsel. It was apparent, and the trial judge found, that a fair trial could not be had.

In *State v. Hansford*, 76 Kan. 678, 92 Pac. 551, Chief Justice Johnston said:

". . . [A] jury may be discharged not only for the reasons named in the statute but whenever it appears to the court that there is a manifest necessity for the act or that the ends of justice would otherwise be defeated. . . ." (p. 685.)

In the recent case of *State v. Howard*, 221 Kan. 51, 557 P. 2d 1280, we cited *Hansford* with approval, and said:

"It is within the discretion of the trial court to declare a mistrial in a criminal jury trial when it is shown that a juror is or becomes so prejudiced during the trial

that he or she cannot serve as a fair and impartial juror and give both the state and the defendant a fair trial. . . ." (p. 57.)

The trial judge did not act on his own motion, though he quite properly could have done so. His action in discharging the juror was proper. The proceedings thereafter were with the full and voluntary agreement of counsel and the defendant.

A defendant may waive the right to a jury trial altogether by pleading guilty or, by agreement between the defendant and the prosecuting attorney, and with the consent of the court, the parties may submit the trial to the court without a jury. K.S.A. 22-3403 (1). Or a defendant may agree with the state, with the approval of the court, that the jury consist of less than twelve members. K.S.A. 22-3403 (2).

Surely a defendant and his counsel may agree to the manner of selection of one juror, and may not—after conviction —successfully challenge the agreed procedure.

In 73 Am. Jur. 2d, Stipulations, pp. 536-537, the text reads in applicable part:

"Sec. 1. A 'stipulation,' . . . is an agreement . . . made in a judicial proceeding by the parties or their attorneys, respecting some matter incident thereto. Its purpose is generally stated to be the avoidance of delay, trouble, and expense.

"Sec. 2. . . . Oral stipulations of the parties in the presence of the court are generally held to be binding, especially when acted upon . . ."

Relief from stipulations is dealt with in section 13, where the text says in substance that in the exercise of judicial discretion, a party may be relieved from a stipulation where it appears that relief is necessary to prevent manifest injustice, and that the granting of such relief will not place the adverse party at any disadvantage; however, where there is no showing that injustice or inequity will result, and where the original object of the stipulation would be frustrated should it be interfered with, courts should not intervene.

Here no prejudice is claimed, and we find none. Manifest injustice is not shown simply because the jury convicted the defendant. Both the state and the defendant stipulated to the procedure followed, and we see no reason to relieve the defendant from her voluntary and binding agreement. The court indicated that a mistrial would be declared and a new jury chosen unless the parties agreed otherwise. They did. That agreement was carried out to the letter, and defendant does not claim it was not.

We find no error. The judgment is affirmed.